IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Davis,  #304804,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>Henry Perkins; Angie Graves; Willie Eagleton;  )<br>Anthony Whitton; and Robin Chavis,  )<br>)<br>Defendants.  )<br>_____  )<br>) | Civil Action No.: 3:12-545-MGL<br><br><br>**ORDER AND OPINION** |

This matter is before the Court for a review of Magistrate Judge Joseph R. McCrorey's Report and Recommendation made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2) D.S.C. and filed September 28, 2012. (ECF No. 43.) Plaintiff Eric Davis ("Plaintiff"), proceeding pro se, brought this action on February 28, 2012, pursuant to 42 U.S.C. § 1983. The Magistrate Judge recommends that Defendants' motion for summary judgment be granted as to Defendants Graves, Eagleton, Whitton, and Chavis and as to Plaintiff's claims against Defendant Perkins in his official capacity. The Magistrate Judge recommended that Defendants' motion for summary judgment be denied as to Defendant Perkins in his individual capacity. The Magistrate Judge further recommended that Plaintiff's motion for a preliminary injunction be denied.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation ("Report") and of the serious consequences if they failed to do so. Defendant Perkins filed objections to the Report on October 12, 2012 (ECF No. 45); Plaintiff filed objections to the Report on October 18, 2012 (ECF No. 46.) For the reasons set forth herein, this Court adopts the Report and Recommendation of the Magistrate Judge and hereby

grants summary judgment in favor of Defendants as to Plaintiff's claims against Defendants Graves, Eagleton, Whitton, Chavis, and Perkins in his official capacity; and denies Plaintiff's motion for a preliminary injunction. The Court denies Defendants' Motion for Summary Judgment as to Plaintiff's claim against Defendant Perkins in his individual capacity.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them and summarizes below in relevant part. Plaintiff is an inmate at the Evans Correctional Institution ("ECI") of the South Carolina Department of Corrections ("SCDC"). Defendants are employees of SCDC. Plaintiff complains that on August 13, 2010, Defendant Perkins placed him in the wrong cell which was occupied by two other inmates. Plaintiff claims that he was placed in cell number 245 on the day in question but maintains that he had been previously assigned to cell number 244. (ECF No. 1 at 3.) Plaintiff alleges that he questioned Defendant Perkins as to why he was putting him in the wrong cell and Plaintiff claims that Defendant Perkins told him that he knew where his room was located. (ECF No. 1 at 3.) Plaintiff alleges that he was assaulted by the cellmates shortly thereafter and subsequently received medical care. (ECF No. 1 at 3-4.) Plaintiff grieved the alleged failure to protect him from inmate violence on August 13, 2010, in grievance ECI-1457-10 which was received by SCDC on August 26, 2010. (ECF No. 38-2 at 3.) The Step 1 grievance was returned to Plaintiff and he filed a Step 2 appeal of grievance ECI-1457-10 which was received by SCDC on September 7, 2010. (ECF No. 38-2 at 5.) Plaintiff filed the instant action alleging that Defendant Perkins failed to protect him from violence because he placed Plaintiff in the wrong cell on August 13, 2010. He also appears to allege that the other defendants, Graves, Eagleton, Whitton, and Chavis, violated his rights by failing to properly process

his grievances and to investigate and address the alleged incident.

## REPORT AND RECOMMENDATION AND OBJECTIONS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Upon review of the record, Magistrate Judge McCrorey recommended that Defendants' motion for summary judgment (ECF No. 38) be granted as to Plaintiff's claims against Defendants Graves, Eagleton, Whitton, and Chavis, and as to Plaintiff's claims against Defendant Perkins in his official capacity. (ECF No. 43.) He further recommended that Defendants' motion for summary judgment be denied as to Defendant Perkins in his individual capacity. Finally, Magistrate Judge McCrorey recommended that Plaintiff's motion for a preliminary injunction (ECF No. 34) be denied. (ECF No. 43 at 13-14.)

Both Plaintiff and Defendants filed objections to the Magistrate Judge's Report. Plaintiff raises two objections: 1) Plaintiff argues that grievances are a constitutionally protected liberty interest rooted in state law; and 2) Defendants are not entitled to Eleventh Amendment immunity against suits brought against them in their individual capacities. (ECF No. 46 at 2-4.) As part of the second argument raised, Plaintiff claims there is no real distinction between the alternate categories of liability based on official versus individual capacity lawsuits. (ECF No. 46 at 5.)

Plaintiff argues that the distinction does not matter so long as a state actor's apparent authority flows from state conduct related to matters of the state. (ECF No. 46 at 5.)

Defendant Perkins filed objections to the Report and Magistrate Judge McCrorey's finding that genuine issues of fact exist as to Plaintiff's claims for failure to protect as to Defendant Perkins. (ECF No. 45 at 1.) Defendant Perkins argues that Magistrate Judge McCrorey's analysis of Plaintiff's claim is flawed in that he failed to review Defendant's conduct in accordance with the applicable law, which subsequently caused him to incorrectly analyze the qualified immunity defense raised by Defendant Perkins. (ECF No. 45 at 3.)

**ANALYSIS/DISCUSSION**

The court will first address Plaintiff's objections to the Report and Recommendation. (ECF No. 46.) First, Plaintiff maintains that grievances are a constitutionally protected interest. The Magistrate Judge fully analyzed the issues related to exhaustion of Plaintiff's administrative remedies. (ECF No. 43 at 4-7.) Specifically, the Magistrate Judge noted that, for the purposes of summary judgment, Plaintiff has shown genuine issues of material fact as to whether Defendants hindered his ability to exhaust his administrative remedies related to the alleged inmate violence that occurred on August 13, 2010. (ECF No. 43 at 7.) The Magistrate Judge found that Plaintiff had not shown that he exhausted remedies as to any other alleged incident, and thus, recommended this Court grant Defendants' motion for summary judgment as to Plaintiff's remaining claims. (ECF No. 43 at 7.) This Court finds no error in this analysis nor does Plaintiff articulate any, other than to argue that grievances are a property interest deserving of the procedural protections of the Due Process Clause and the First Amendment. (ECF No. 46 at 2.) In addition to the analysis and discussion provided by the Magistrate Judge, this Court notes that Plaintiff has no federal

constitutional right to participate in grievance proceedings. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Thus, Plaintiff's objection here has no merit.

Next, Plaintiff argues that Defendants should not "be shielded by eleventh [amendment] immunity from liability under § 1983" and appears to object to Magistrate Judge McCrorey's finding that Plaintiff's action against Graves, Eagleton, Whitton, Chavis, and Perkins in his official capacity, were barred by the Eleventh Amendment immunity granted to the states. (ECF No. 46 at 3.) Plaintiff cited *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) for the proposition that § 1983 uses absolute and unqualified language and makes no mention of any privileges, immunities, or defenses that may be asserted (ECF No. 46 at 4). In the same sentence, however, the Supreme Court goes on to state that the view that § 1983 should be applied as stringently as it reads has not prevailed. *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976). As *Imbler* shows, the case law has developed certain immunities and "§ 1983 is to be read in harmony with general principles of tort immunities and defenses rather than in derogation of them." *Id.* at 418. Plaintiff's position, therefore, has no basis in the law as it has developed and as it is interpreted.

Plaintiff also claims there is no real distinction between the alternate categories of liability based on official versus individual capacity lawsuits. (ECF No. 46 at 5.) The Magistrate Judge has made clear delineations on this issue as he only recommends dismissal of Plaintiff's case against Defendant Perkins in his official capacity. The distinctions between the manner in which actions are brought against public officials is an important one and is more than a mere boilerplate distinction as Plaintiff seems to suggest. (ECF No. 46 at 5.) The Supreme Court clarified in *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), "personal-capacity suits seek to impose personal liability upon a government official for actions that he takes under color of state law." *Id.* at 165.

"Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 165-166 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978)).  Thus, an official-capacity suit is, "in all respects other than name, to be treated as a suit against the entity;""[i]t is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis in original).  The Supreme Court went on to clarify, that "on the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166.  More is required in an official-capacity action, since a government entity is liable under § 1983 only when the entity itself is a "'moving force'" behind the deprivation. *Id.*

In light of these directives, the Magistrate Judge correctly found that, to the extent Plaintiff was intending to bring suit against the state as the party being sued, a judgment for money damages against any of the Defendants would be precluded by the Eleventh Amendment. (ECF No. 43 at 12.) Accordingly, Defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.  The Magistrate Judge also noted Plaintiff's claims sounding in respondeat superior/supervisor liability were also precluded as Plaintiff has not alleged that Defendants Graves, Eagleton, Whitton or Chavis had any personal involvement in the alleged incidents. (ECF No. 43 at 10-11.)  The Court finds no error in this analysis—the actions complained of are limited to Defendant Perkins and Plaintiff has not shown any basis to impose liability on the other Defendants as it might relate to the purported conduct of Defendant Perkins.

Having reviewed and considered each of Plaintiff's objections, the Court finds they have no merit and now turns to a consideration of Defendant Perkins's objections.  Defendant Perkins assets

that Magistrate Judge McCrorey's analysis of Plaintiff's "failure to protect" claim is flawed and thus, led to an incorrect analysis of the qualified immunity defense asserted.  (ECF No. 45 at 3.) This matter is before the Court on Defendants' Motion for Summary Judgment.   At this stage, summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  In deciding whether a genuine issue of material fact exists, Plaintiff's evidence is to be believed and all justifiable inferences must be drawn in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56.  A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985).  "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996).

Plaintiff brings a § 1983 action here and claims Defendants violated his Eighth Amendment constitutional rights.  The Eighth Amendment claim sounds in the nature of a "failure to protect" claim for failure to prevent an attack on Plaintiff by another inmate.  (ECF No. 1.)  " '[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations and citations omitted).  "It is not, however, every injury suffered by one inmate at the hands of another that translates into a

constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. The Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Moore v. Winebrenner*, 927 F.2d 1312, 1315-1316 (4th Cir.1991) (noting that the Supreme Court has expressly repudiated a negligence standard for Eighth Amendment claims).

The Magistrate Judge correctly noted that in order to establish a claim under the Eighth Amendment for deliberate indifference, a prisoner must show that the deprivation was "sufficiently serious" and that prison officials had a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297–298 (1991). "The Eighth Amendment protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the *deliberate or callous indifference* of prison officials to specific known risks of such harm . . ." *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir.1987) (emphasis added). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (recognizing a subjective awareness prong and noting that the deliberate indifference standard requires a showing of actual knowledge as to both elements).

The Magistrate Judge concluded that for the purpose of summary judgment, it appears that Plaintiff has asserted a sufficiently serious deprivation. (ECF No. 43 at 8.) Defendant Perkins does not dispute that Plaintiff's medical records document Plaintiff's several injuries. (ECF No. 45 at 3.)

This Court will assume a sufficiently serious deprivation for the sake of argument as the key issue remains Defendant's subjective awareness and state of mind. On this point, the Magistrate Judge found that Plaintiff presented evidence that Defendant Perkins possessed a sufficiently capable state of mind. (ECF No. 43 at 9.) Specifically, he points to various allegations made in Plaintiff's complaint, "Opposition to Motion to Dismiss,"[1] and "Opposition in Response to Defendants' Request for Summary Judgment." (ECF No. 43 at 9.) Upon review of the summary judgment record and viewing the admissible evidence in a light most favorable to Plaintiff, the Court find that the facts and inferences to be drawn from the evidence, including Plaintiff's sworn statements, are sufficient to create a triable issue of fact regarding the parties' actions. Thus, summary judgment is not appropriate as to claims against Defendant Perkins in his individual capacity.

Defendant Perkins also objects to the Magistrate Judge's recommendation concerning Defendant Perkins's qualified immunity defense. As the Magistrate Judge correctly noted, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity can be established, and is in fact, specifically encouraged, at the summary judgment stage when there is no genuine issue of material fact, and when the undisputed facts establish that the defendant is entitled to judgment as a matter of law. *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir.1992). The Fourth Circuit, however, has also recognized that the qualified immunity question can be difficult to resolve as a matter of law, as it can at times require "factual

---

[1] The docket indicates that no such Motion to Dismiss was filed with the Clerk's office in this case.

determinations respecting disputed aspects of [a defendant's] conduct." *Id.* at 312. The importance of summary judgment in qualified immunity cases "does not mean . . . that summary judgment doctrine is to be skewed from its ordinary operation to give special substantive favor to the defense, important as may be its early establishment." *Id.* at 313.

In light of the Court's findings above, the Court cannot simply conclude that Defendant Perkins is entitled to qualified immunity. "While the purely legal question of whether the constitutional right at issue was clearly established 'is always capable of decision at the summary judgment stage,' a genuine question of material fact regarding '[w]hether the conduct allegedly violative of the right actually occurred . . . must be reserved for trial.'" *Willingham v. Crooke,* 412 F.3d 553, 559 (4th Cir. 2005)(citing *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 2005)). As noted above, genuine issues of material fact exist regarding the failure to protect issue. Although a jury may ultimately find that Defendant Perkins's account of the incident is more credible, in viewing the facts in favor of Plaintiff, as the Court must do at this stage, there is sufficient evidence to support an inference that Plaintiff's rights were violated. Thus, the Court finds no error in the Magistrate Judge's analysis on the qualified immunity issue.

## CONCLUSION

After a thorough review of the Magistrate Judge's Report, the parties' Objections, and the record in this case, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates the Report and Recommendation by reference in this order.

The Court hereby grants summary judgment in favor of Defendants as to Plaintiff's claims against Defendants Graves, Eagleton, Whitton, Chavis, and Perkins in his official capacity only (ECF No. 38); and 2) denies Plaintiff's motion for a preliminary injunction (ECF No. 34). The

Court denies Defendants' Motion for Summary Judgment as to Plaintiff's claim against Defendant Perkins in his individual capacity.

    IT IS SO ORDERED.

                                              /s/ Mary G. Lewis
                                              United States Magistrate Judge

Spartanburg, South Carolina
February 22, 2013